UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| BRADLEY EDWARD COCHRANE, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>GRETCHEN WHITMER, *et al.*,<br><br>Defendants. | Case No. 24-10648<br>Honorable Laurie J. Michelson |

**ORDER DENYING PLAINTIFFS' MOTION FOR SANCTIONS [38]**

On March 15, 2024, Bradley Cochrane and his law firm, The Traveling Attorney, P.C., filed a lawsuit against Defendants Governor Gretchen Whitmer, Attorney General Dana Nessel, the Board of Governors of Wayne State University, and several individuals who are alleged to be associated with the University. (ECF No. 2.)

From what the Court can discern from Plaintiffs' near 800-page complaint, they allege that Defendants have engaged in a massive conspiracy, and committed fraud and other bad acts, in connection with students who attended Wayne State University. (*Id*.) The crux of Plaintiffs' argument seems to be that the University was wrong to teach or "deceptively us[e]" the "Theory of Constraints"—a process improvement methodology taught by a professor at the University. (*Id*. at PageID.234.) Plaintiffs also claim that Defendants used students as "human research subjects" without their knowledge or consent. (*Id*. at PageID.195.) Plaintiffs' assert

claims under 42 U.S.C. § 1983 and 42 U.S.C. § 1985, and ask the Court to exercise supplemental jurisdiction over numerous state-law claims, including: breach of contract, fraudulent inducement, fraudulent misrepresentation, intentional infliction of emotional distress, gross negligence, tortious interference with a business, unfair competition, unjust enrichment, and violations of the Michigan Elliott-Larsen Civil Rights Act.

On November 26, 2024, the WSU Defendants filed a motion for an extension of time to respond to Plaintiffs' voluminous complaint (ECF No. 21) which the Court granted (Text-Only Order April 1, 2025). Now, before the Court is Plaintiffs' motion for sanctions. (ECF No. 28.) Because Defendants have done nothing to warrant sanctions, the Court will DENY Plaintiffs' baseless motion.

## I.

Plaintiffs' motion is largely unintelligible. The 91-page motion begins as follows:

> *Candidly*—and from a technical perspective, to render decision on *this* Motion *is to at the same time* consider from a totality perspective *every* claim Plaintiffs have brought before *this* Honorable Court in **self-defense** of the retaliatory entrenched Wayne State University Defendants <u>***and this admitted***</u> open-and-obvious Attorney Miller's Law Firm's Legacy Defense that *by position alone* <u>literally</u> mirrors Plaintiffs' claims as <u>a *another*</u> usurping **"win-win"** <u>replication</u>, *respectfully*.
>
> *Here, this* Motion is sought principally as the provoked defense Plaintiff, Attorney Cochrane, does emit as shield for **THE PEOPLE** to bar Defendants' unethical and illegal **lawfare** principally helmed in retaliation for invalid objectives *by* Attorney, Edwin Powell Miller, *of* the Miller Law Firm, P.C., in which this *"fully immersed"* law firm *has* enmeshed itself intimately *with* the core-executive functions of the Wayne State University Defendants pecuniarily metastasizing

2

> organically with *this* Motion *and that* Sealed Initial Class Action Complaint filed in Michigan's Court of Claims by Attorney Cochrane **<u>simultaneously with *this* Motion</u>** *your Honor*, to defend *this* uncivilized attack *to subvert the* **PEACE***!*
>
> *Inequitably Stranded, silently alone drifting at this intellectual Point Nemo*; all I can think of is you, not **me**, no—*<u>again</u>*, <u>Socrates</u> brings us **MENO**—the demonstrative conceptualization of Defendants' [***VERY***] Ambitious Goal Curriculum **and** Miller Law Firm's *<u>active</u>* participation in ***this* ongoing** uncivil lawfare *<u>opposite</u>* **LAW & ORDER; FREE SPEECH;** *the* **AMERICAN DREAM; AUTONOMY, & THE PEOPLE** *of the* **UNITED STATES OF AMERICA.**

(ECF No. 38, PageID.5102–5103) (emphasis in the original).

Plaintiffs continue in a similar manner, discussing things like Pythagorean theorem and Socrates (*id*. at PageID.5014–5015) and attaching screenshots of articles from the Michigan Bar Journal (*id*. at PageID.5133–5140) and Leading Lawyers magazine (*id*. at PageID.5162–5166). It would seem, however, that Plaintiffs' main argument is that Defendants somehow violated an order of the Court. (*See id*. at PageID.5107 ("Indeed, like Plato by and through Socrates, it is this Miller Law Firm's brazen violation of the Chief Judge's Order signed on January 27th, 2025, as ECF 28, that ripens this still ongoing dispute as Defendants' buffer the peril created under color of law damaging our collective autonomy to unknown depths.").) Plaintiffs are mistaken.

In his January 27, 2025, order (ECF No. 28), prior to reassigning the case, Chief Judge Cox: (1) denied Plaintiffs' request to serve Defendants electronically or via USB; (2) granted Plaintiffs' request to have Defendants served by the USMS due to "the delays in this case surrounding service" (*id*. at PageID.5044); and (3) ordered that Defendants file an appearance "within 21 days of service or, in the case of a

waiver of service, 60 days after the waiver of service was sent" (*id.*). Defendants have complied with that order by filing appearances. (*See* ECF Nos. 31–36.) And Plaintiffs make no legitimate attempt to explain why Rule 11 sanctions are warranted against Defendants.

## II.

Accordingly, the Court DENIES Plaintiffs' motion for sanctions. (ECF No. 38.)

The Court also takes the opportunity to advise Plaintiffs that this case, and all issues that arise during the litigation, will be decided based upon the governing and persuasive case law as applied to the pertinent facts. So future motions should be focused on the proper law and evidence.

IT IS SO ORDERED.

Dated: April 11, 2025

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE