UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| BRADLEY COCHRANE and THE TRAVELING ATTORNEY, P.C., <br><br> Plaintiffs, <br><br> v. <br><br> GRETCHEN WHITMER et al., <br><br> Defendants. | Case No. 24-10648 <br> Honorable Laurie J. Michelson |

**OPINION AND ORDER GRANTING MOTIONS TO DISMISS [43, 44]
AND DENYING MOTION FOR SANCTIONS [53]**

In Plaintiff Bradley Cochrane's own words, "*[t]his is not your 'typical'* lawsuit." (ECF No. 2, PageID.962.)

In a barely coherent, nearly 800-page complaint (*id*. at PageID.187–965)—not counting the hundreds of appended exhibits (*see* ECF Nos. 2, 4, 5, 6, 7, 8)—, Cochrane, on behalf of himself and his law firm, The Traveling Attorney, P.C[1] sues Governor Gretchen Whitmer and Attorney General Dana Nessel (the "State Defendants") as well as the Board of Governors of Wayne State University and several individuals who are allegedly associated with the University (the "WSU Defendants"). (ECF No. 2.) Cochrane alleges that Defendants have engaged in a massive conspiracy to exploit WSU students and commit other bad acts. The crux of Plaintiff's argument seems to

---

[1] According to the State Bar of Michigan directory, Cochrane is the only attorney at this firm. *See Member Directory Search Details: The Traveling Attorney, P.C.,* State Bar of Mich., https://perma.cc/56AN-LP69. So the Court will refer to Cochrane as the plaintiff throughout for clarity.

be that WSU was wrong to allow one of its professors to teach or "deceptively us[e]" the "Theory of Constraints," a "process improvement methodology." (ECF No. 2, PageID.234.) Cochrane also claims that, in teaching the methodology, Defendants used students as "human research subjects" without their knowledge or consent. (*Id.* at PageID.195.) He asserts constitutional violations under 42 U.S.C. § 1983 and conspiracy under § 1985. (*Id.* at PageID.187.) The Court declined to exercise supplemental jurisdiction over his numerous, unrelated state law claims. (ECF Nos. 11, 26.)

Now before the Court are Defendants' motions to dismiss under Federal Rules of Civil Procedure 8 and 12(b)(6). (ECF Nos. 43, 44.) They argue, for example, that they are immune from suit, that the statute of limitations bars all claims, and that no plausible claims can even be discerned. (ECF Nos. 43, 44.) The WSU Defendants filed a separate motion for sanctions against Cochrane and his law firm for their alleged misconduct in this litigation. (ECF No. 53.)

Because Cochrane did not comply with pleading requirements and fails to state a claim, the Court will GRANT Defendants' motions to dismiss. But despite concerns about Cochrane's litigation behavior, the Court will DENY the WSU Defendants' motion for sanctions.

I.

According to Federal Rule of Civil Procedure 8, a complaint must set out "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see Kensu v. Corizon, Inc.*, 5 F.4th 646, 649 (6th Cir. 2021).

"Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). This is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

When a complaint is "so convoluted that it is difficult or impossible to make out intelligible legal claims," it violates this rule. *Miller v. Alco Mgmt., Inc.*, No. 22-5825, 2023 WL 2607458, at *1 (6th Cir. Mar. 20, 2023). The inquiry is whether "the complaint is so 'verbose, confused and redundant that its true substance, if any, is well disguised.'" *Kensu*, 5 F.4th at 651 (citing *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969)). "The district court and defendants should not have to 'fish a gold coin from a bucket of mud' to identify the allegations really at issue." *Id.* (citing *U.S. ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003)).

Plaintiff's complaint clearly violates Federal Rule of Civil Procedure 8. It is almost 800 pages of rambling and unintelligible prose. By Cochrane's own admission, his complaint "presents itself much like a Doctoral Thesis would." (ECF No. 2, PageID.962.) It raises 16 legal claims against 15 defendants. (*Id.* at PageID.187.) Defendants call it "a labyrinth of irrelevant information" (ECF No. 43, PageID.5208), "long-winded and confused" (ECF No. 44, PageID.5296).

Courts generally find that "[f]at in a complaint can be ignored" or dealt with by "strik[ing] the surplusage," and that "the appropriate remedy is rarely immediate dismissal" for violating Rule 8. *Kensu*, 5 F.4th at 652–53 (alterations in original); *see also Miller*, 2023 WL 2607458, at *2 (concluding it was improper to dismiss a *pro se* complaint, despite "extraneous details," because it told an "intelligible" and

3

"chronological story" about the claims sufficient to "give the defendants notice"). But here, no amount of surgery can save the patient. The complaint is entirely unintelligible and replete with irrelevant information. The Court "need not have infinite patience." *Kensu*, 5 F.4th at 653.

This is also not a typical pro se lawsuit. While Plaintiff is representing himself, he is an attorney. He knows, or should know, the requirements of Rule 8. Yet he failed to adhere to them. This alone warrants dismissal of the complaint. But it is not the only deficiency.

## II.

The complaint also fails to state a plausible legal claim under Federal Rule of Civil Procedure 12(b)(6).

It is helpful to first set out the governing law. In deciding a motion to dismiss, the Court "construes the complaint in the light most favorable" to the Plaintiff and determines whether his "complaint 'contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *See Heinrich v. Waiting Angels Adoption Servs., Inc.*, 668 F.3d 393, 403 (6th Cir. 2012) (alteration in original) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Detailed factual allegations are not required to survive a motion to dismiss, *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 614 (6th Cir. 2012), but a complaint must "raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555. Determining plausibility is "a context-specific task" requiring this Court "to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Under § 1983, a plaintiff must show (1) they were deprived of a right secured by the U.S. Constitution and (2) the deprivation was caused by a state actor. *See Baynes v. Cleland*, 799 F.3d 600, 607 (6th Cir. 2015). But "conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim under section 1983. 'Some factual basis for such claims must be set forth in the pleadings.'" *Lillard v. Shelby Cnty. Bd. of Educ.*, 76 F.3d 716, 726–27 (6th Cir. 1996) (internal citation omitted). Likewise, conspiracy claims "must be pled with some specificity: vague and conclusory allegations that are unsupported by material facts are not sufficient to state a § 1983 claim." *Farhat v. Jopke*, 370 F.3d 580, 599 (6th Cir. 2004) (citing *Gutierrez v. Lynch,* 826 F.2d 1534, 1538 (6th Cir. 1987)).

To state a claim under § 1985(3), a plaintiff must allege "that (1) a single plan existed, (2) the conspirators shared a conspiratorial objective to deprive the plaintiffs of their constitutional rights, and (3) an overt act was committed in furtherance of the conspiracy that caused the injury." *Robertson v. Lucas*, 753 F.3d 606, 622 (6th Cir. 2014) (citation omitted). In other words, he must plead "specific facts showing a conspiracy to deprive him of his civil rights with racial or other class-based discriminatory animus." *Stansberry v. Theater*, No. 24-3543, 2024 WL 5135825, at *2 (6th Cir. Dec. 10, 2024).

## A.

In applying this law to the allegations, as best the Court can determine, Cochrane is unhappy with how a certain theory, the "Theory of Constraints," is studied, researched, and implemented at WSU:

> ***NOW***—understand that *this reality* ballooned quickly as *I frantically* worked to understand these facts in "**Effect-Cause-Effect Logic**" to determine (*1*) WHO was attacking me, and (*2*) WHAT was attacking me, among *other things*. As my analysis grew, the research necessary to support the objective truth involved required validation by objective evidence too. Therefore, my objective research found that the "*research components*" of the Theory of Constraints ("TOC") are commingled *on all levels* of the Defendants' organization given the system-thinking *focus* of TOC and the Defendants' deliberate implementation of various applications of this ideology *throughout* its' ranks and organizational design.

(ECF No. 2, PageID.234 (emphasis in original).) Cochrane says Defendants are somehow impermissibly using this theory to "obtain unconstitutional value" (*id.* at PageID.236), repeatedly claiming that students are used as human research subjects in connection with this theory (*id.* at PageID.237, 241, 258, 316, 396, 401, 414, 434).

But the 779-page complaint meanders through hard-to-follow musings, including comments about the automotive industry (*id.* at PageID.385–409), Cochrane's life and education (*id.* at PageID.490–504), and the history of education, starting from prehistoric times (*id.* at PageID.792–813). The claims are so disjointed that they are hard to follow and even harder to find plausible. The Court thus finds them factually frivolous. *See Cassaday v. Verizon Media Inc.*, No. 25-10276, 2025 U.S. App. LEXIS 16682, at *4 (6th Cir. July 8, 2025) ("[Plaintiff's] complaint did not include sufficient intelligible factual assertions to state a plausible claim. He cited numerous state and federal laws and generally asserted that the defendants harmed him, but he asserted no concrete facts from which it could be inferred that the defendants were liable for any unlawful conduct."); *see also Rodriguez v. City of Parma Mun. Ct.*, No. 25-1367, 2025 U.S. Dist. LEXIS 189846, at *1 (N.D. Ohio Sept.

25, 2025) (dismissing as frivolous where "complaint (with nearly 250 pages of exhibits attached) consist[ed] entirely of unclear and conclusory allegations and grievances").

While voluminous, Cochrane's complaint does not contain any specific facts that plausibly plead a claim under § 1983 or § 1985(3). It "[m]erely lis[ts] names in the caption of the complaint and alleg[es] constitutional violations in the body of the complaint," which is "not enough to sustain recovery under § 1983." *Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004); *see also Powell v. Washington*, No. 22-12091, 2023 U.S. Dist. LEXIS 99185, at *3–5 (E.D. Mich. June 7, 2023). And the complaint contains no allegations that Cochrane was "deprived of any civil rights because of racial or other relevant, discriminatory animus, nor that he was deprived of his civil rights" under § 1985(3). *Williams v. Massey*, No. 24-12435, 2025 WL 2254526, at *6 (E.D. Mich. Aug. 7, 2025).

The Court has more than sufficient grounds to dismiss the complaint and need not wade into Defendants' additional arguments for dismissal.[2] As such, the Court GRANTS Defendants' motion to dismiss. Cochrane made no attempt to amend the complaint after the Defendants filed their motions to dismiss. He did not move to amend. And the Court cannot imagine a scenario in which an amendment would not be futile. Thus, it will not permit amendment of the complaint. *See, e.g., Pratt v. Ventas, Inc.*, 365 F.3d 514, 522 (6th Cir. 2004) ("A 'dismissal for failure to state a

---

[2] None of those grounds, however, include standing. But the Court has an independent obligation to police its own jurisdiction. *See Burt v. Playtika, Ltd*, 132 F.4th 398, 403 (6th Cir. 2025). And it certainly has concerns here. But given the incoherence of his pleading, it may be that Cochrane is alleging some specific injury caused by a defendant's conduct that the Court can redress.

claim under Federal Rule of Civil Procedure 12(b)(6) is a judgment on the merits' and is therefore done with prejudice.") (citation omitted); *Layer-Rosario v. Allied Mortg. Capital Corp.*, No. 17-5468, 2018 U.S. App. LEXIS 554, at *8 (6th Cir. Jan. 9, 2018).

### III.

In addition to dismissal, the WSU Defendants also want sanctions. (ECF No. 53.) The WSU Defendants request that Cochrane be ordered to pay their attorney's fees and be enjoined from filing any new complaint or motion against them without leave of court. (*Id.*) They ask the Court to do so under Federal Rule of Civil Procedure 11, 28 U.S.C § 1927, and the Court's inherent powers. (*Id.* at PageID.8632–8633.)

Federal Rule of Civil Procedure 11(b) requires that attorneys certify, to the best of their knowledge and after a reasonable inquiry, that any pleading, written motion, or other paper is "not presented for any improper purpose (e.g., to harass or cause unnecessary delay); contains nonfrivolous claims, defenses, or legal arguments; and is based on facts supported by evidence, or that will likely be supported by evidence after discovery." *Turn v. Leslie*, No. 21-12767, 2023 WL 9007800, at *1 (E.D. Mich. Oct. 2, 2023) (citing Fed. R. Civ. P. 11(b)). If Rule 11(b) has been violated, "the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c). In considering sanctions, a court assesses "whether an individual's conduct was reasonable under the circumstances." *Union Planters Bank v. L & J Dev. Co.*, 115 F.3d 378, 384 (6th Cir. 1997).

The Court may also impose sanctions under 28 U.S.C. § 1927 against an attorney "who so multiplies the proceedings in any case unreasonably and vexatiously . . . to satisfy personally the excess costs, expenses, and attorneys fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. "[Section] 1927 sanctions require a showing of something less than subjective bad faith, but something more than negligence or incompetence." *Red Carpet Studios Div. of Source Advantage, Ltd. v. Sater*, 465 F.3d 642, 646 (6th Cir. 2006).

And lastly, the Court may also impose sanctions under its inherent authority. "A court may assess attorney's fees under its inherent powers 'when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons,' or when the conduct is 'tantamount to bad faith.'" *Metz v. Unizan Bank*, 655 F.3d 485, 489 (6th Cir. 2011) (citations omitted). The Court need not make an "express finding of willfulness, bad faith or recklessness," but the record must "set forth sufficient evidence to support" the decision. *Ali v. IT People Corp.*, No. 25-10815, 2025 WL 2682622, at *2 (E.D. Mich. Sept. 19, 2025) (citing *Metz*, 655 F.3d at 489).

The WSU Defendants assert that sanctions are warranted because Cochrane filed this lawsuit for an improper motive: as retaliation for WSU not "double count[ing]" Cochrane's academic credits and placing his academic record on hold for lack of payment, among other grievances. (ECF No. 53, PageID.8643–8648.) And it appears Cochrane has now initiated a retaliatory suit against the attorneys for the WSU Defendants as well. (*Id.* at PageID.8650.)

9

Further, they argue sanctions are justified because the "sprawling, conspiracy-laden Complaint is not a proper legal pleading in any recognizable sense of the word" and is "frivolous and devoid of legal merit." (ECF No. 53, PageID.8641 ("The WSU Defendants provide an extensive analysis of Cochrane's Rule 8 violations in their Motion to Dismiss ('MTD'), which in the interest of efficiency, is not repeated here." (citing ECF No. 43, PageID.5212–5217)).) And they note that during this litigation, Cochrane has twice filed a motion for sanctions against all Defendants (ECF Nos. 38, 47), which the Court denied as baseless (ECF No. 40).

The Court understands the WSU Defendants' frustration. They have expended significant time, resources, and money in a near futile attempt to discern and defend against hundreds of pages of incomprehensible allegations. And they had to respond to two unfounded motions for sanctions. But those motions were decided quickly, and the case is being dismissed at its earliest stage. So while the Court shares Defendants' concerns about this litigation behavior, it believes the better sanction is dismissal of the lawsuit.

The Court cautions Cochrane, though, that further frivolous or vexatious filings may result in the imposition of sanctions.

At this time, therefore, the Court DENIES Defendants' motion for sanctions. (ECF No. 53.)

IT IS SO ORDERED.

10

Dated: December 1, 2025

                                              s/Laurie J. Michelson
                                              LAURIE J. MICHELSON
                                              UNITED STATES DISTRICT JUDGE